## Case No. 1,961.
### BROOKS v. SNELL.
[1 Spr. 48; 6 Law Rep. 71.] [1]

District Court, D. Massachusetts. March Term, 1843.

SEAMEN—PROTECTION—TORT OF MASTER—SETTLEMENT OF SUIT.

A settlement with a seaman of his claim for damages for a tort, although made after suit brought, and in the absence of his proctor, will be upheld, if it was made fairly and understandingly, and it does not appear that the consideration paid was inadequate.

[Cited in Angell v. Bennett, Case No. 387; Collins v. Nickerson, Id. 3,016.]

In admiralty. This was a libel by the steward of the ship Sophia against the master, for personal damage. After service by arrest, and when a day had been appointed for a hearing, the master effected a settle-

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., and here reprinted by permission.]

ment with the libellant, in the absence of his proctor, for the sum of sixty dollars, obtaining his receipt in full, and then tendered the legal costs to the proctor. The proctor refused to receive the same, and on the day appointed brought the case up for a hearing. The evidence not being ready, to avoid the expense of taking depositions which would be useless, if the settlement should be upheld by the court, it was agreed to submit the question to the advisement of the court, upon affidavits, whether the settlement as made should be sustained. It appeared that the libellant's proctor had offered to settle the suit for one hundred dollars and costs, which the master refused; and that the master then, by the advice of his own proctor, sought out the libellant to procure a settlement with him for a less sum, his proctor first warning him that the settlement would not be upheld, if any misrepresentations were made to the steward, or any advantage taken of him. The libellant made affidavit to the effect that he had been advised by his proctor not to settle the cause with the master, and that the master had made great efforts to induce him to settle, which had been seconded by the friends of the master, the owner's clerks, and others, and that the master had misrepresented material facts to him, and that he finally received the sixty dollars under the influence of these misrepresentations and other persuasions. The master, in his affidavit, denied the misrepresentations and all attempts to mislead or take advantage of the libellant. [Settlement sustained.]

R. H. Dana, Jr., for libellant.
B. R. Curtis, for respondent.

SPRAGUE, District Judge. Settlements made between seamen and masters or owners, are always narrowly watched by courts of admiralty. Seamen are considered as being under a disadvantage in such transactions, and they are not strictly held to the letter or form of their acts, if there seem to have been any undue means used to bring about an unequal settlement. In such cases, the court will not hold the claim to have been settled. In all these matters, seamen are the wards of the admiralty. Yet settlements made by seamen are allowed. They are not incapacitated from settling their claims, either before or after suit brought. They are not compelled to go into court; nor, when there, are they compelled to leave the settlement of their cause to their proctor, or to the court.

The duty of the court, and its difficulty is, to determine what settlements shall be upheld, and what set aside. One, and in many cases the best, means of determining this, is the nature of the settlement itself. If it seems to be an unequal and disadvantageous one to the seaman, there will be ground for relieving him from it, unless the other side show circumstances sufficient to satisfy the

court, that the seaman was under no disadvantage, either from ignorance of his rights, mistake of facts, fear, or strong moral duress. This means of judging I am now without. There being no evidence upon the merits of the case, I cannot determine whether the amount paid the seaman upon the settlement was a reasonable compensation, or not. If his release were offered in bar, at the hearing on the merits of the cause, after the pleadings were closed, and when all the evidence could be seen, so that I might form an opinion of the amount due the seaman, and the amount specified in the release as paid in full discharge should then appear grossly inadequate, I should need but few circumstances showing the exercise of influence over the seaman, to lead me to disregard the settlement made in the absence of the proctor, especially if the proctor seemed to have been designedly avoided. But, as the question now stands, as I am merely acting advisorily, at the request of the parties, and have no means of determining upon the sufficiency of the amount paid, I must look solely at the circumstances attending the settlement; and in them I must find either misrepresentation [or ignorance of law or of material facts or other things,][2] or facts showing an advantage actually taken of the seaman, to set aside a settlement made for what I must assume to be a reasonable sum.

I must take the affidavits offered to be true, unless expressly contradicted [and disapproved by superior evidence.][2] It seems, then, that the libellant is a man of unusual intelligence for his station in life, that he had been informed fully of his legal rights by his proctor; been put in possession of all material facts, and warned against making an unequal settlement with the other side. It must be borne in mind, too, that Captain Snell sought the libellant by the advice of his own proctor, and therefore must be supposed to have done so, without imagining any impropriety in the act. The libellant met him, after being put on his guard, and in possession of all material facts. A settlement was made deliberately in the presence of the friends of each party for a sum which I cannot assume to have been inadequate, and the costs of court were secured to the proctor. Such being the case, I cannot set aside the settlement, unless upon some other facts proved. The only facts alleged are certain misrepresentations. (His honor went into an examination of the evidence, and said that these allegations were not proved, and proceeded.) Had there been proved, either a misrepresentation of a material fact, or an advantage taken of the ignorance of the libellant in his proctor's absence, or could I have examined into the sufficiency of the sum paid, and found it grossly unreasonable, such as a man dealing upon an equality of terms would not have made, after allowing a large

discount for a desire to put an end to a troublesome suit, with its delays and hazards, so injurious to a seamen; I should have disregarded the settlement, and allowed the parties to come to a hearing upon the merits. Indeed, they may do so now, as my opinion is merely advisory; but if they do, and the release is set up in defence, I shall hold it a sufficient bar, unless upon full evidence, the sum paid shall seem to be so grossly disproportioned to the injury proved, as to raise a strong presumption of unfairness in the transaction.

Upon this advisory opinion, the costs were received by the libellant's proctor, and an entry made of dismissal by consent.

NOTE [from original report]. See The Planet [Case No. 11,204]; Collins v. Nickerson [Id. 3,016].